FILED
2010 Aug-19 PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

James Earl Thomas

     Plaintiff

vs.

Judge H. Allred of the Family
Court
     Defendant

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff James Earl Thomas brings this civil rights action to vindicate plaintiff's rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and Alabama.

2. This is an action for Declaratory and Injunctive Relief by James Earl Thomas, a citizen of the United States against Judge H. Allred of the Family Court of Jefferson County, Alabama.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U. S. C. $ 1331, 1343, (federal question), and $ 2201 (declaratory judgment), and $ 2202 (further relief).

4. Venue is proper pursuant to 28 U.S.C. $ 1393 (b), in that the events or occurrences giving rise to plaintiff's claims occurred in the Northern District of Alabama, and pursuant to Alabama Code $$ 6-3-2 and 6-3-11 (1975).

### PARTIES

5. Plaintiff James Earl Thomas is an African American, resided at 3020 Avenue C *
Birmingham, Al 35218.

6. H. Allred is a Caucasian American and a Judge of the Family Court in the case at bar, in Jefferson County, Alabama.

### NOTICE TO JUDGE H. ALLRED

7. On this 12th day of August 2010, I did serve a copy of this complaint on Judge H. Allred and Attorney for the State Jack Wallace. And plaintiff ask Judge H. Allred to dismiss this case with prejudice against Denise Smith and the State of Alabama.

### STATEMENT OF FACTS

8. An actual controversy has arisen and now exists between Plaintiff James Earl Thomas and Defendants Denise Smith and the State of Alabama. concerning their respective rights and duties in that plaintiff contends that he do not owe Child Support to Denise Smith, the State of Alabama or the State of Georgia. And if he owe Child Support Money then it not as much as the State of Alabama claims.

9. Plaintiff desires a Judicial Determination of his rights and duties, and a declaration as to his rights and duties on the matter of Child Support.

10. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain his rights and duties. The plaintiff is suffering from the financial burden of having to defends against frivolous claims by the State of Alabama and suffering unlawful incarceration because he fail to pay money that he do not owe..

11. Plaintiff has exhausted his State Remedies.

12. On or about January 25, 2008, plaintiff received a Contempt Petition, A copy is attached as exhibit "A".

13. On May 30, 2008, a hearing was held, Judge Elise Barclay was presiding.

14. Plaintiff subpoenaed Denise Smith and a State Witness.

·15. The State's Witness did not appear,

2.

16. At that time plaintiff moved the court to postpone the hearing.

17. The motion was granted.

18. At that time the prosecutor told plaintiffs witness that she did not have to come to the next hearing.

19. This case been pending in the Family Court for two years and six months.

20 The Family Court would always hold back-door hearings, i, e, no record of the hearing was made.

21. The above statement in paragraph 20 make an appeal impossible.

22. Judge Elise Barclay presided over this case until March 5, 2009

23. Judge Elise Barclay set a total of four different hearings.

24. Each time she see that plaintiff had Denise Smith as a witness, she postponed all the hearings on her own motion.

25. When it dawned on plaintiff that the judge was trying to get him in court with out witnesses, he filed A Writ Of Mandamus in both appellate Courts.

26. Exhibit "B' is A copy of the petition that was filed in the Alabama Court of Civil Appeals.

27. Exhibit "C" is A copy of the Court of Civil Appeals denial.

28. Plaintiff filed A Writ of Mandamus in the Alabama Supreme Court, A copy is attached as exhibit "D".

29. Exhibit "E" is A copy of the Supreme Court denial.

30. On or about October 14, 2009, plaintiff received a Court Appearance Notice, A copy is attached as exhibit "F".

31. On October 19, 2009, plaintiff appeared in court pursuant to the Court's Notice.

32. At that time Judge H. Allred told plaintiff that his name was judge Riggs and that he was sitting by designation.                    3.

33. At that time plaintiff made A motion to postpone the hearing so that he would have time to prepare A defense.

34. Judge H. Allred said that he was not interested in any evidence.

35. Judge H. Allred sent plaintiff to jail for three months and ten days using a phony name, namely, Judge Riggs.

36. Alabama Judicial Inquiry Commission said that they could not locate a Judge Riggs in Walker or Jefferson County. A copy of the letter from the Judicial Inquiry Commission is attached as exhibit "H".

37. After sitting in jail for three months and ten days, plaintiff was released without being told of the conditions of his release.

38. Plaintiff filed a complaint with Alabama State Bar, against District Attorney Jack Wallace.

39. Exhibit "G" is A copy of Jack Wallace response to the State Bar..

40. **Please Notice,** Attorney Jack Wallace misleading the General Counsel by stating A Judge Riggs was appointed to the case.

41. The above statement if **true**, plaintiff did not received a copy of the appointment and he is a party to this action.

42. On February 8, 2010, plaintiff filed a complaint with the Alabama Judicial Inquiry Commission, that when plaintiff learned that Judge H. Allred was using a phony name.

43. Because Plaintiff James Earl Thomas is a Black Citizen Judge H. Allred is using the State Court to illegally lock him up.

44. Judge H. Allred is inflicting Cruel and unusual punishment on plaintiff when he sends him to jail, example,

(a) The three months and ten days that plaintiff was in jail the temperature was about 40 degrees.                                          4.

45. (b) Plaintiff and all other people are given short sleeves shirts when entering the jail.

(c) During the three months that plaintiff was in jail he was in the cell with three to four people.

(d) Plaintiff had to to smell their waste the whole three months.

(e) Plaintiff was denied access to a law Library and a Notary Public.

46. Judge H. Allred told plaintiff in court that he could purges him self by paying what ever amount of money that Sandra L. Johnson determine.

47. Sandra L. Johnson gave plaintiff this phone number (205) 945-3837 so that some of plaintiff people could contact her so that she could set a price.

48. Ms Sandra L Johnson refused the $10.00 money order that plaintiff payed to purges himself.

49. She demanded that plaintiff pay $1000.00 before he could get out of jail.

50. Plaintiff borrow a $1000.00 and payed it to DHR just to get out of jail.

The money was paid on June 14, 2010, Judge H. Allred did not release plaintiff from jail until July 7, 2010.

51. Exhibit "I" is A copy of the Money Order that was payed to DHR.

52. On information and belief Judge H. Allred was intending to split the $1000.00 with Sandra L. Johnson.

53. On information and belief Sandra L. Johnson is A phony name that she used in court, example plaintiff called 945-3837 and the answer machine say Ammie Johnson.

54. Judge H. Allred acting separately and in concert with other under color of law to deprive plaintiff of the Equal Protection of the law because of his race.

55. On August 4, 2010, plaintiff received a Court Appearance Notice to appear in Court August 17, 2010.

5.

56. Exhibit ᴐ is a copy of the notice.

57. Seventeen days notice is not sufficient time to prepare a defense, i. e., subpoena witnesses and other evidence.

58. On information and belief, Judge H. Allred intend to lock plaintiff up with out giving him an opportunity to defends against the charge.

## COUNT ONE

59. Plaintiff adopts and reallege the allegations of paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60. Judge H. Allred denied plaintiff James Earl Thomas the Equal Protection of the Law in violation of the Equal Protection Clause which is guaranteed by the 14th Amendment to the United States Constitution when he intentionally refused to keep a record of his Court Hearing, which denied plaintiff Appellate Review.

## COUNT TWO

61. Plaintiff adopts and reallege the allegations of paragraphs one (1) through sixty (60) as if fully set forth herein.

62. Judge H. Allred denied Plaintiff James Earl Thomas the Equal Protection of the Law in violation of the Equal Protection Clause as guaranteed by the 14th Amendment to the United States Constitution when he refused to release plaintiff from jail after plaintiff complied with **Alabama Rules of Civil Procedure,** Rule 70-A section (e) (2).

## COUNT THREE

63. Plaintiff adopts and reallege the allegations of paragraphs one (1) through sixty-two (62) as if fully set forth herein.

6.

64. Judge H. Allred denied plaintiff James Earl Thomas his 14th Amendment Right to Due Process of Law as guaranteed by the United States Constitution when he found plaintiff in contempt of Court with out giving him an opportunity to present evidence in his defense.

## COUNT FOUR

65. Plaintiff adopts and reallege the allegations of paragraphs one (1) through sixty-four (64) as if fully set forth herein.

66. Judge H. Allred denied plaintiff James Earl Thomas the Equal Protection of the Law in violation of the Equal Protection Clause as guaranteed by the 14th Amendment to the united States Constitution, when he in open court told plaintiff that his name was Judge Riggs and that he was from Walker County and sitting by designation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray as follows:

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

1. For A declaration that James Earl Thomas have a right under the United States Constitution to present evidence and have witnesses in any State Court Hearing on behalf of his defense when he is charged.

## SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

2. This Court should hear this case on grounds that the State Courts prevented plaintiff from rasing his Constitutional Claims in the Court Proceeding.

7.

3. Order Judge H. Allred to withdraw from this case because plaintiff have filed two complaints against him with Alabama Judicial Commission.

4. Order Judge H. Allred not to lock plaintiff up for failure to pay Child Support until plaintiff is given a fair opportunity to present the evidence which he claimed will show that he does not owe money for Child Support.

5. Order Judge H. Allred to make a lawful determination as to plaintiff ability to pay Child Support as oppose to his refusal to pay.

6. For such other and further relief as the court deems proper.

Dated:August 13, 2010.

Cyrus Bul Jhumas

3030 Ave c

Birmingham, Al

35318

(205) 862-5104

8.

## VERIFICATION

I, James Earl Thomas, am the plaintiff in the above-entitled action. I am over the age of twenty-one (21) I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true

**I declare under penalty of perjury that the foregoing is true and correct and that this**

**declaration was executed at Birmingham, Al**

**Dated:** August 12, 2010.

SUBSCRIBE TO AND SWORN before me this 12th of August 2010.

NOTARY PUBLIC

MY COMMISSION EXPIRES JANUARY 23, 2012

**EXHIBIT "A"**

| ..te of Alabama nified Judicial System CS-6 Rev. 4/95 | **CONTEMPT PETITION** | 37CS92000761 |

IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA

STATE OF ALABAMA, ex rel.

Plaintiff  DENISE SMITH
Address  PO BOX 309
COLUMBUS, GA   31902

vs. Defendant  JAMES E. THOMAS
Address.  1316 18TH PL SW
BIRMINGHAM, AL   35212

Comes now the State of Alabama, ex rel. Denise Smith and shows unto the Court as follows:

1. On the 1st day of May, 1993, the defendant, James E. Thomas, was ordered to pay support in the amount of $151.00 per month, commencing on 05-01-93 for the minor child(ren), named as follows:

Armon Q. Parker

2. Defendant is $ 8,427.07 in arrears as of the 25th day of January, 2008 in child support payments as Ordered by the District Court of Jefferson County.

3. On the 1st day of May, 1993 the defendant was ordered to pay support in the amount of $0.00 per month commencing on the 1st day of May, 2003 for the spouse/former spouse, Denise Smith.

4. Defendant is $ 0.00 in arrears as of the 25th day of January, 2008 in spousal support payments as Ordered by the District Court of Jefferson County.

5. On the 1st day of May , 1993, the defendant was ordered by this court to provide medical support and/or reimbursement as follows: defendant to provide medical through his employer.

6. Unpaid medical support in the amount of $ 0.00 has accumulated and is due since the above-mentioned order.

Interest has accumulated on the above-referenced arrearages in the amount of $ 15,238.18.

7. The defendant having the ability has willfully refused to comply with the order of the court

**WHEREFORE,** the premises considered, the plaintiff moves this Honorable Court as follows: (1) That a hearing be set and notice of the date, time and place of said hearing be served on the defendant, and that at said hearing defendant be required to show cause why he/she should not be held in contempt of court; (2) that the Court reduce the arrearages to a judgment with interest and order payments thereon; (3) that at said hearing the Court also enter an income withholding order; (4) that such other and further relief be granted as to which Plaintiff may be entitled and which the court may deem just.

January 25, 2008   1/29/08
Date

Name & Address of Attorney
DHR LEGAL OFFICE
11 WEST OXMOOR, SUITE 600
PO BOX 13248
BIRMINGHAM, AL  35202-3248

Plaintiff/Attorney for the State of Alabama

(205) 945-3884
Telephone Number of Attorney

FILED IN OFFICE
FAMILY COURT

JAN 3 0 2008

CLERK

37-3676

**EXHIBIT "B"**

## IN THE STATE OF ALABAMA COURT OF CIVIL APPEALS

JAMES EARL THOMAS
     Petitioner              Case Number:

vs.

The Honorable Judge
Elise Barclay of the Family
Court Jefferson County, Alabama
               Respondent

## PETITION FOR WRIT OF MANDAMUS

Comes now Petitioner James Earl Thomas and move

this court for a Petition for Writ of Mandamus to the

Family Court of Jefferson County, Alabama, the Honor-

able Judge Elise Barclay,to give petitioner an oppor-

tunity to have witnesses and documents at the September

16, 2009 hearing,by enforcing the subpoenas that the

petitioner have issued. This court have jurisdiction

pursuant to **Rule** 21 **Rules of Appellate Procedure.**

1.

## TABLE OF AUTHORITY

Alabama Constitution of 1901, Art. 1 & Section 6 --------6

Constitutions of the United States & Alabama-------------6

Constitution Art. 1, & 6--------------------------------6

Dirt, Inc. v. Mobile County Com'n 739 F. 2nd 1562 -------7

Exparte Fountain, 842 So. 2nd 726 (Ala. 2001)-----------6

Exparte Johnson Land Co., Inc., 561 So. 2nd 506 (Ala.

1990)---------------------------------------------------6

Rule 31 (b) Rules of Appellate Procedure-----------------4

Rule 21 Rules of Appellate Procedure --------------------1

United States Constitution 5th & 14th Amentments --------6

U. S. C. Const. Amend. 14th----------------------------6

## STATEMENT OF THE FACTS

On or about January 30, 2008, a Contempt Petition was filed in the Family Court of Jefferson County, Alabama. A copy is attached as exhibit "A".

On May 30, 2008, A hearing was scheduled in the Family Court of Jefferson County, Alabama for Petitioner James Earl Thomas. See exhibit "B" which is A copy of the Subpoena Request Form. Petitioner James Earl Thomas had subpoenas issued for witnesses and documents for his defense. See exhibits "B" through "I". The court postpones the hearing and the prosecutor told Petitioners Witness Denise Smith that she did not have to come to the next hearing. See exhibit"C" which is A copy of an affidavit by Denise Smith.

Also, the judge told Petitioner James Earl Thomas that she did not have the authority to enforce the subpoenas to cause the State of Georgia to send the requested documents on Child Support which show how much he owe.

Further, the Georgia Prosecutor filed a Motion to Quash the subpoenas that the petitioner had issued, A copy

3.

of the motion is attached as exhibit "D". The court
granted the motion. Petitioner was not served with a copy
as required by **Rule** 31 (b) of the **Rules of appellate
Procedure.**

On or about May 23, 2008, the Georgia Prosecutor
written petitioner A personal letter trying to trick him
into thinking that he owe the State of Georgia money for
Child Support, A copy of the letter is attached as exhibit
"E".

The next hearing was scheduled for November 7, 2008,
the petitioner had subpoenas issued for witnesses and
documents for his defense. See exhibit "F". The court
postpones the hearing. At that time the prosecutor told
Petitioners  Witness Denise Smith that she did not have to
come to the next hearing. See exhibit "C" which is A copy
of an affidavit by Denise Smith.

Another hearing was scheduled for March 5, 2009. See
exhibit "G". Once again petitioner had subpoena issued for
witnesses and documents. The court postpones the hearing.
At that time the court told Petitioners Witness Denise
Smith that she was not required to come to the next
hearing.

4.

See exhibit "C" which is A copy of an affidavit by Denise Smith.

On September 16, 2009, another hearing was set. See exhibit "H". Its petitioner intent and right to have subpoenas issued for witnesses and documents.

From 2008 to February 2009, the court has cause the petitioner to spend $188.00 just on subpoenas along. Not counting other expenses associated with litigation. But each time the court have postpones the hearings after the petitioner had his subpoenas issued

Up to this date March 30, 2009, the court have refused to use it power to enforce the subppenas that petitioner had issued for witnesses and documents. Now this Petition for Writ of mandamus.

5.

### STATEMENT OF THE ISSUE AND RELIEF SOUGH

1.   Do the **Alabama Constitution of 1901, Art. 1 & Section 6** and the **United States Constitution 5th & 14th Amendments** guarantee petitioner the right to have witnesses and documents for his defense for the September 16, 2009, hearing? (yes)

2. Order the Family Court Judge Elise Barclay to give petitioner an opportunity to have witnesses and documents for his defense on September 16, 2009, hearing.

### WHY THE WRIT SHOULD ISSUE

Mandamus is proper remedy to prevent injustice and to prevent irreparable injury when there is no other adequate remedy at law. **Exparte Johnson Land Co., Inc.** 561 So. 2nd 506 (Ala. 1990).

In the case at bar, petitioner does not have an adequate remedy at law. Procedure Due Process, protected by the **Constitutions of the United States and Alabama,** requires notice and an opportunity to be heard when one's life, liberty, or property interest are about to be affected by Governmental Action. **U.S.C. Const. Amend. 14; Const. Art. 1, & 6. Exparte Fountain,** 842 So. 2nd 726

6.

(Ala. 2001) **Dirt, Inc. v. Mobile County Com'n** 739 F. 2nd 1562.

In the case at bar, petitioner property is about to be affected by Governmental Action.

The judge has an inescapable duty to enforce the subpoenas that petitioner had issued for witnesses and documents and refused to do so.

Petitioner will suffer irreparable injury if he do not have witnesses and documents for his defense at the September 16, 2009, hearing.

James Earl Thomas
3020 Avenue C
Birmingham, Al 35203
Phone Number: (205) 243-0903

7.

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the Petition for Writ of Mandamus and exhibits "A" through "I" upon the Honorable Judge Elise Barclay, of the Family Court of Jefferson County, Alabama. 120 2nd Court North, Birmingham, Al 35204. and DHR Legal Office, 11 West Oxmoor,Suite 600, P. O. Box 13248, Birmingham, Al 35202-3248, by placing the same in the U. S. Mail, postage prepaid and properly affixed On this 30th day of March 2009.

James Earl Thomas
3020 Avenue C
Birmingham, Al 35218
Phone Number: (205) 243-0903

8.

EXHIBIT "C"

# The Court of Civil Appeals



JOHN H. WILKERSON, JR.
CLERK
REBECCA C. OATES
ASSISTANT CLERK

300 DEXTER AVENUE
MONTGOMERY, ALABAMA 36104-3741

TELEPHONE  334-229-0733
FAX 334-229-0530
EMAIL cvfilings@appellate.state.al.us

May 7, 2009

**2080585**

Ex parte J. E. T.  PETITION FOR WRIT OF MANDAMUS  (In re: J. E. T. v. Hon. Elise Barclay, Family Court Jefferson County, Alabama)  (Jefferson Juvenile Court: CS-92-761.03)

## ORDER

Petition for Writ of Mandamus, answer and petitioner's reply having been filed and the same having been submitted and duly examined and understood by the Court,

IT IS ORDERED that the petition be, and the same is hereby denied.

Thompson, P.J. and Pittman, Bryan, Thomas and Moore, JJ., concur.

I, John H. Wilkerson, Jr., Clerk of the Court of Civil Appeals of Alabama, do hereby certify that the foregoing is a full, true, and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court. Witness my hand this 7th day of May, 2009.

John H. Wilkerson, Jr.

**EXHIBIT "D"**

## IN THE ALABAMA SUPREME COURT

JAMES EARL THOMAS
      Petitioner

vs.

The Honorable Judge
Elise Barclay of the Family
Court Jefferson County, Alabama
              Respondent

Case Number:

1081040

## PETITION FOR WRIT OF MANDAMUS

*James Earl Thomas*
James Earl Thomas
3020 Avenue C
Birmingham, Al 35218

## IN THE ALABAMA SUPREME COURT

JAMES EARL THOMAS
     Petitioner             Case Number:

vs.

The Honorable Judge
Elise Barclay of the Family
Court Jefferson County, Alabama
               Respondent

## PETITION FOR WRIT OF MANDAMUS

Comes now Petitioner James Earl Thomas and move

this court for a Petition for Writ of Mandamus to the

Family Court of Jefferson County, Alabama, the Honor-

able Judge Elise Barclay,to give petitioner an oppor-

tunity to have witnesses and documents at the September

16, 2009 hearing,by enforcing the subpoenas that the

petitioner have issued. This court have jurisdiction

pursuant to **Rule** 21 **Rules of Appellate Procedure.**

1.

## **TABLE OF AUTHORITY**

Alabama Constitution of 1901, Art. 1 & Section 6 --------6

Constitutions of the United States & Alabama-------------6

Constitution Art. 1, & 6-------------------------------6

Dirt, Inc. v. Mobile County Com'n 739 F. 2nd 1562 -------7

Exparte Fountain, 842 So. 2nd 726 (Ala. 2001)------------6

Exparte Johnson Land Co., Inc., 561 So. 2nd 506 (Ala.

1990)---------------------------------------------------6

Rule 31 (b) Rules of Appellate Procedure-----------------4

Rule 21 Rules of Appellate Procedure --------------------1

United States Constitution 5th & 14th Amentments --------6

U. S. C. Const. Amend. 14th-----------------------------6

2.

## **STATEMENT OF THE FACTS**

On or about January 30, 2008, a Contempt Petition was filed in the Family Court of Jefferson County, Alabama. A copy is attached as exhibit "A".

On May 30, 2008, A hearing was scheduled in the Family Court of Jefferson County, Alabama for Petitioner James Earl Thomas. See exhibit "B" which is A copy of the Subpoena Request Form. Petitioner James Earl Thomas had subpoenas issued for witnesses and documents for his defense. See exhibits "B" through "I". The court postpones the hearing and the prosecutor told Petitioners Witness Denise Smith that she did not have to come to the next hearing. See exhibit "C" which is A copy of an affidavit by Denise Smith.

Also, the judge told Petitioner James Earl Thomas that she did not have the authority to enforce the subpoenas to cause the State of Georgia to send the requested documents on Child Support which show how much he owe.

Further, the Georgia Prosecutor filed a Motion to Quash the subpoenas that the petitioner had issued, A copy

3.

of the motion is attached as exhibit "D". The court granted the motion. Petitioner was not served with a copy as required by **Rule** 31 (b) of the **Rules of appellate Procedure.**

On or about May 23, 2008, the Georgia Prosecutor written petitioner A personal letter trying to trick him into thinking that he owe the State of Georgia money for Child Support, A copy of the letter is attached as exhibit "E".

The next hearing was scheduled for November 7, 2008, the petitioner had subpoenas issued for witnesses and documents for his defense. See exhibit "F". The court postpones the hearing. At that time the prosecutor told Petitioners  Witness Denise Smith that she did not have to come to the next hearing. See exhibit "C" which is A copy of an affidavit by Denise Smith.

Another hearing was scheduled for March 5, 2009. See exhibit "G". Once again petitioner had subpoena issued for witnesses and documents. The court postpones the hearing. At that time the court told Petitioners Witness Denise Smith that she was not required to come to the next hearing.

4.

See exhibit "C" which is A copy of an affidavit by Denise Smith.

On September 16, 2009, another hearing was set. See exhibit "H". Its petitioner intent and right to have subpoenas issued for witnesses and documents.

From 2008 to February 2009, the court has cause the petitioner to spend $188.00 just on subpoenas along. Not counting other expenses associated with litigation. But each time the court have postpones the hearings after the petitioner had his subpoenas issued

Up to this date March 30, 2009, the court have refused to use it power to enforce the subpoenas that petitioner had issued for witnesses and documents. Now this Petition for Writ of mandamus.

5.

## STATEMENT OF THE ISSUE AND RELIEF SOUGH

1.  Do the **Alabama Constitution of 1901, Art. 1 & Section 6** and the **United States Constitution 5th & 14th Amendments** guarantee petitioner the right to have witnesses and documents for his defense for the September 16, 2009, hearing? (yes)

2. Order the Family Court Judge Elise Barclay to give petitioner an opportunity to have witnesses and documents for his defense on September 16, 2009, hearing.

## WHY THE WRIT SHOULD ISSUE

Mandamus is proper remedy to prevent injustice and to prevent irreparable injury when there is no other adequate remedy at law. **Exparte Johnson Land Co., Inc.** 561 So. 2nd 506 (Ala. 1990).

In the case at bar, petitioner does not have an adequate remedy at law. Procedure Due Process, protected by the **Constitutions of the United States and Alabama,** requires notice and an opportunity to be heard when one's life, liberty, or property interest are about to be affected by Governmental Action. **U.S.C. Const. Amend. 14; Const. Art. 1, & 6. Exparte Fountain,** 842 So. 2nd 726

6.

(Ala. 2001) **Dirt, Inc. v. Mobile County Com'n** 739 F. 2nd
1562.

In the case at bar, petitioner property is about to be
affected by Governmental Action.

The judge has an inescapable duty to enforce the
subpoenas that petitioner had issued for witnesses and
documents and refused to do so.

Petitioner will suffer irreparable injury if he do not
have witnesses and documents for his defense at the
September 16, 2009, hearing.

James Earl Thomas<br>
3020 Avenue C<br>
Birmingham, Al 35203<br>
Phone Number: (205) 243-0903

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the
Petition for Writ of Mandamus and exhibits "A" through "I"
upon the Honorable Judge Elise Barclay, of the Family
Court of Jefferson County, Alabama. 120 2nd Court North,
Birmingham, Al 35204, Jack Allen Wallace DHR Legal Office,
11 West Oxmoor, Suite 600, P. O. Box 13248, Birmingham, Al
35202-3248, the five judges of the Court of civil Appeals,
300 Dexter Avenue, Montgomery, Al 36104, Nathan P. Wilson,
Administrative Office of Courts, 300 Dexter Avenue,
Montgomery, Al 36104, by placing the same in the U. S.
Mail, postage prepaid and properly affixed on this 16th
day of May 2009.

James Earl Thomas
3020 Avenue C
Birmingham, Al 35218
Phone Number: (205) 243-0903

8.

**EXHIBIT "E"**

IN THE SUPREME COURT OF ALABAMA
June 2, 2009

1081040

Ex parte J.E.T. PETITION FOR WRIT OF MANDAMUS: CIVIL (In re:
D.S. v. J.E.T.) (Jefferson Circuit Court: CS-92-761.03; Civil
Appeals: 2080585).

## ORDER

The petition for a writ of mandamus to be directed to the
Honorable Elise D. Barclay, Judge of the Circuit Court of
Jefferson County, Alabama, having been duly filed and
submitted to the Court,

IT IS ORDERED that the petition for a writ of mandamus is
denied.

Cobb, C.J., and Woodall, Smith, Parker, and Shaw, JJ.,
concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 2d day of June , 20 09 .

*Robert G Esdale, Sr*

Clerk, Supreme Court of Alabama

**EXHIBIT "F"**

C O U R T     A P P E A R A N C E     N O T I C E

CASE NUMBER : CS-1992-000761.03     SS       CLERK: 01

PLAINTIFF :                         DEFENDANT :
 SMITH, DENISE                       THOMAS, JAMES E

CHARGE : CONTEMPT


THOMAS, JAMES E
3020 AVENUE C, ENSLEY
BIRMINGHAM, AL 35208


YOU ARE HEREBY NOTIFIED THAT A DATE HAS BEEN SET FOR THIS CASE.

    PLEASE BRING THIS NOTICE TO COURT WITH YOU.

                    COURT DATE :   OCTOBER 19, 2009
                    COURT TIME :          10:00 AM
                    COURT ROOM :              220   (SS)


ADDRESS : FAMILY COURT OF JEFFERSON COUNTY
          120 2ND COURT NORTH
          BIRMINGHAM, AL. 35204-4765


ALL PARTIES MUST PROVIDE PROOF OF INCOME AT TIME OF HEARING
EXAMPLES:  PREVIOUS YEAR'S INCOME TAX RETURN, CURRENT PAY STUBS.


DATE ISSUED : OCTOBER  8, 2009
    PROB OFF : DHR

**EXHIBIT "G"**





State of Alabama
Department of Human Resources

LEGAL OFFICE/BIRMINGHAM DIVISION
11 West Oxmoor Road, Suite 600
P.O. Box 13248
Birmingham, Alabama 35202-3248
Phone (205) 945-3884
FAX (205) 945-3905

March 1, 2010

BOB RILEY
Governor

Ms Carol Wright
Office of the General Counsel
Alabama State Bar
The Disciplinary Commission
P.O. Box 36101
Montgomery AL 35202-3248

Re: CSP 210-306
Complaint of Mr. James Earl Thomas

Dear Ms Wright and members of the Commission:

In my capacity as an Assistant Attorney General, I represent
Alabama, Department of Human Resources in Title IV-D matters, p
establishing paternity and collecting child support.

Case number 37CS92000761, State of Alabama, ex. Rel., F
Earl Thomas commenced pursuant to a URESA referral from
complaint filed in the Family Court of Jefferson County on J
requested the establishment of paternity and support for
Parker  d/o/b  April 6,  1982.   The  Initiating  State
reimbursement of aid paid to the mother for the benefit
The defendant James Earl Thomas failed to a
judgment was entered on April 9, 1993.  In Septem
support and paid sporadically until August of
1999 involuntary intercepts are credited to
have been incarcerated for some periods of
State of Georgia.
The child attained the age of m
no longer accrued. The principal arre
nine hundred eighty five dollars a
interest has accrued in the amount
and fifty two cents ($16598.52).   A
included.
On January 30, 2008 the State of A
presently before the court. The defendant was
of that month the defendant filed the fir

ov
tha

agreel.
his inca
defense l