UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES EARL THOMAS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    vs. | )    **CASE NO. 2:10-CV-2209-SLB** |
| | ) |
| **JUDGE H. ALLRED OF THE FAMILY COURT,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Complaint for Declaratory and Injunctive Relief, (doc. 1),[1] and his Motion for Leave to Proceed In Forma Pauperis, (doc. 2). Plaintiff asks the court to allow him to commence this action without prepayment of the fees, costs or security because of his inability to pay such fees, costs, or security. In other words, plaintiff asks the court for permission to proceed *in forma pauperis* [hereinafter "IFP"].[2] For the reasons set forth below, the court will deny plaintiff's request to proceed *in forma pauperis*. (Doc. 2.) Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),[3] plaintiff's claims will be dismissed without prejudice.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] "*In forma pauperis*" is Latin for "in the manner of a pauper." BLACK'S LAW DICTIONARY 849 (9th ed. 2009).

[3] Section 1915(e)(1)(B)(ii) provides that this court may dismiss an action, which is filed *in forma pauperis*, if the court finds that the action "fails to state a claim on which relief may granted." 28 U.S.C. § 1915(e)(1)(B)(ii).

This court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004)(quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds*). However the court may not arbitrarily deny an application to proceed IFP or deny the application on erroneous legal grounds. *Id*. at 1307.

> When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty. An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915. Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements.

*Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948); *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir.1976))(internal quotations, citations, and footnotes omitted).

According to his affidavit, plaintiff receives $536.00 per month "from pensions, annuities, workmen's compensation, disability or other insurance policies," he has no money in the bank, and he has "real estate, stocks, bonds, notes, automobiles, boats, or other valuable property" worth $300.00. He also states that he recently began a job earning

$700.00 a month. The court finds that plaintiff has demonstrated economic eligibility for IFP status.

"Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (quoting *Watson*, 525 F.2d at 891). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008)(quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is without arguable merit either in law or fact. More specifically, arguable means capable of being convincingly argued." *Id*. at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) and *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991))(internal quotations and citations omitted).

Plaintiff alleges that defendant, acting under color of state law, deprived him of him right to equal protection because of his race. (Doc. 1 ¶ 54.) He contends that Judge Allred sent him to jail in order to extract a payment of $1,000 and that Judge Allred "intend[s] to lock [him] up without giving him an opportunity to defend[ ] against the charge." (*Id*. ¶¶ 46-52, 55-58.) His Complaint raises four claims:

> 60. Judge H. Allred denied plaintiff James Earl Thomas the Equal Protection of the Law in violation of the Equal Protection Clause which is guaranteed by the 14th Amendment to the United States Constitution when he intentionally refused to keep a record of his Court Hearing, which denied plaintiff Appellate Review.

. . .

  62. Judge H. Allred denied plaintiff James Earl Thomas the Equal Protection of the Law in violation of the Equal Protection Clause which is guaranteed by the 14th Amendment to the United States Constitution when he refused to release plaintiff from jail after plaintiff complied with Alabama Rules of Civil Procedure, Rule 70-A section (e)(2).

. . .

  64. Judge H. Allred denied plaintiff James Earl Thomas his 14th Amendment Right to Due Process of Law as guaranteed by the United States Constitution when he found plaintiff in contempt of Court without giving him an opportunity to present evidence in his defense.

. . .

  66. Judge H. Allred denied plaintiff James Earl Thomas the Equal Protection of the Law in violation of the Equal Protection Clause as guaranteed by the 14th Amendment to the [U]nited States Constitution, when he in open court told plaintiff that his name was Judge Riggs and that he was from Walker County and sitting by designation.

(*Id*. ¶¶ 60, 62, 64, 66.) He seeks a Preliminary Injunction prohibiting Judge Allred from "lock[ing] plaintiff up for failure to pay Child Support until plaintiff is given a fair opportunity to present the evidence which he claimed will show that he does not owe money for Child Support." (*Id*. at 8.)

The court finds that plaintiff's request for a preliminary injunction enjoining the state-court from further proceedings is barred by the *Younger* abstention doctrine. Moreover, to the extent plaintiff's Complaint asks this court to review the underlying contempt charge and/or the underlying child support obligations, such claims are barred by the *Rooker Feldman* doctrine. Moreover, plaintiff has not alleged violations of his right to due process

or equal protection. Therefore, the court finds that plaintiff's Complaint lacks any merit and is due to be dismissed.

## A.  *YOUNGER* ABSTENTION

> The Supreme Court has said that federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. But "virtually" is not "absolutely," and in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings. While non-abstention remains the rule, the *Younger* exception is an important one.

*31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)(quoting *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989))(internal quotations and citations omitted). "The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), reaffirmed the 'strong federal policy against federal-court interference with pending state judicial proceedings.'" *Rubenstein v. Bauman*, 2008 WL 150057, *4 (M.D. Ala. 2008)(quoting *Middlesex County Ethics Comm. v. Garden*, 457 U.S. 423, 431 (1982)). "Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Id*. (quoting *Middlesex County*, 457 U.S. at 431)(quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979))(internal quotation omitted).  Whether a federal district court should abstain is determined based on consideration of three factors: (1) is there "an ongoing state judicial proceeding;" (2) "do the proceedings implicate important state interests; and (3) does the plaintiff have "an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children*,

329 F.3d at 1274 (quoting *Middlesex County*, 457 U.S. at 432).  "As the [Supreme] Court recognized in *Younger*, 'the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is ***not*** to issue such injunctions.'"  *Butler v. Alabama Judicial Inquiry Com'n*, 245 F.3d 1257, 1261-62 (11th Cir. 2001)(quoting *Younger v. Harris*, 401 U.S. at 45)(emphasis added).

The court notes that plaintiff alleges a pending state proceeding.  (*See* doc. 1 ¶ 55.) Moreover, "The ability to collect child support payments is an important state interest." *Adams v. Florida*, 185 Fed. Appx. 816, 817 (11th Cir. 2006)(unpublished); *Danzy v. State of Alabama, Dept. of Human Resources*, Civil Action No. 09-00836-KD-B, 2010 WL 1994902, *3 (S.D. Ala. Apr. 27, 2010).  Nothing in Alabama law prevents plaintiff from raising his due process and equal protection claims in the state court.  Therefore, the court finds that *Younger* abstention is appropriate in this case.

Plaintiff's claim to enjoin the state court proceedings is due to be dismissed as frivolous.

### B.  *ROOKER-FELDMAN* DOCTRINE

To the extent plaintiff asks this court to review and reverse any order from an Alabama state court, such claim must be dismissed because this court lacks subject-matter jurisdiction to review, much less reverse, a state-court decision.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263

U.S. 413, 416 (1923). This lack of jurisdiction is referred to as the *Rooker-Feldman* doctrine, which applies when four criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise [his] federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265-66 n.11 (11th Cir.2003) (citations omitted). In a strikingly similar case, the District Court for the Southern District of Alabama held:

> In the instant case, Plaintiff was the state court "loser," and he is complaining about state court child support orders which were rendered against him years before the instant action was commenced. Plaintiff does not allege any facts that suggest that he did not have a reasonable opportunity to raise his constitutional claims in state court. In this action, he is seeking to have this Court review and reject the state courts' child support decisions. Plaintiff's instant action is inextricably intertwined with the state court judgments, and must therefore be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Redford v. Gwinnett County Judicial Circuit*, 350 Fed. Appx. 341 (11th Cir. 2009)(plaintiff's actions which sought to overturn state court child support decisions was barred by the *Rooker-Feldman* doctrine.)

*Danzy*, 2010 WL 1994902 at 2. Indeed, in other cases, this court dismissed plaintiff's claims to the extent he sought review and reversal of the Alabama state-court decisions relating to his child-support obligations. *See Thomas v. Riggs*, 2:10-cv-01305-SLB, doc. 4 (N.D. Ala. June 17, 2010); *Thomas v. Thomas v. Colonial Bank*, *et. al*, 2:09-CV-0734-AKK, doc. 34 at 6-7 (N.D. Ala. Mar. 1, 2010).

To the extent plaintiff's Complaint seeks review and reversal of a state-court order, such claim is barred by the Rooker-Feldman doctrine.  Therefore, the court finds such claim is frivolous and due to be dismissed.

## C.  DUE PROCESS AND EQUAL PROTECTION CLAIMS

### 1.  Due Process Claim

Plaintiff alleges that defendant denied him his due process rights by finding him in contempt of court without allowing him to present evidence in his defense.  (Doc. 1 ¶ 64.)

> Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, [the court] – when determining if a plaintiff has stated a valid procedural due process claim – look[s] to whether the available state procedures were adequate to correct the alleged procedural deficiencies.  If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process.  And, to be adequate, the state procedure need not provide all the relief available under section 1983.  Instead, the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due.

*Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000)(internal citations omitted).

Alabama law allows plaintiff to appeal his contempt citation.  Nothing in the record indicates that plaintiff ever sought to appeal any of defendant's rulings.  Moreover, although he alleges that the proceedings were not transcribed and that this prevented him from being able to appeal, (doc. 1 ¶¶ 20, 60), the lack of a transcription is not a bar to appeal.  *See* Ala. R. App. P. 10 (d)("If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.").

Plaintiff's Complaint does not state a cause of actions based on the lack of a transcript and the finding of contempt. Therefore, the court finds that such claims are frivolous.

### 2. Equal Protection

"To properly plead an equal protection claim, a plaintiff must allege that, through state action, similarly situated persons are treated disparately." *Austin v. City of Montgomery*, 353 Fed. Appx. 188, 191 (11th Cir. 2009)(citing *Thigpen v. Bibb County*, 223 F.3d 1231, 1237 (11th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)); *see also GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998)("Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were situated similarly to the plaintiff.")

Plaintiff's Complaint contains no allegations of any similarly-situated individual, much less that defendant treated him less favorably than similarly-situated individuals. Therefore, plaintiff's claims based on alleged violations of the Equal Protection Clause of the Fourteenth Amendment are deemed frivolous and are due to be dismissed.

### CONCLUSION

Based on the foregoing, the court finds that plaintiff's claims are frivolous. Therefore, his request to proceed *in forma pauperis*, (doc. 2), will be denied, and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), his claims will be dismissed.

**DONE**, this 13th day of September, 2010.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE